[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13857
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 20, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20325-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIAN FERNANDEZ-TELLEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 20, 2008)**

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Damian Fernandez-Tellez appeals from his 57-month sentence, imposed

after he pled guilty to conspiracy to possess with the intent to distribute 500 grams

or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On appeal, Fernandez-Tellez argues that he should have received a minor-role reduction because in comparison to the other participants in the methamphetamine distribution conspiracy, he was "clearly a comparatively . . . minor participant in the offense." After thorough review, we affirm.

We review a district court's factual findings regarding a defendant's role in the offense for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." Id. at 939. In determining the defendant's role, the decision falls within the sound discretion of the district court: "a trial court's choice between two permissible views of the evidence is the very essence of the clear error standard of review." Id. at 945 (internal quotation and citation omitted). As long as the district court's decision is supported by the record and the district court clearly resolves any disputed facts, the sentencing judge need not make specific subsidiary factual findings regarding the defendant's role in the offense. Id. at 939.

The Guidelines provide for a downward adjustment of two to four levels based on a defendant's mitigating role in an offense. U.S.S.G. § 3B1.2. There is a "range of adjustments for a defendant who plays a part in committing the offense

that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A). A four-level reduction for a minimal participant is warranted for "defendants who are plainly among the least culpable . . . of a group." U.S.S.G. § 3B1.2(a) cmt. n.4. A two-level reduction for a minor role is appropriate for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b) cmt. n.5. The determination of whether to apply the reduction is fact-based, and the court need not apply the adjustment "based solely on the defendant's bare assertion." U.S.S.G. § 3B1.2 cmt. n.3(C).

In De Varon, we established a two-part test to determine whether a mitigating-role reduction is appropriate. The first prong is the defendant's role in the relevant conduct, and the second is the defendant's role compared to other participants in the relevant conduct. 175 F.3d at 940. In applying the first prong, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. Thus, the court only may consider criminal conduct for which the defendant was held accountable. Id. For a drug offense, the court may not consider the "greater drug conspiracy," but only the conduct that determined the defendant's base offense level. See id. at 942.

3

In De Varon's second prong, the district court also can assess a defendant's relative culpability vis-a-vis "other participants in the relevant conduct." Id. at 944. The district court only may consider participants who are "identifiable or discernable from the evidence," and "[t]he conduct of participants in any larger criminal conspiracy is irrelevant." Id. Even if a defendant's role is "less than that of other participants engaged in the relevant conduct," he may not be entitled to an adjustment because, in some cases, there are no minor or minimal participants. Id. To apply the adjustment, the district court must find that "the defendant was less culpable than most other participants in [his] relevant conduct." Id.

In this case, Fernandez-Tellez argues that the district court erred by denying him a minor-role adjustment. Fernandez-Tellez argues that he was not as culpable as co-conspirator Leticia Valdes and was "the low man on the [t]otem [p]ole" with respect to the larger conspiracy. He says that his role was confined to being present when Valdes entered an undercover police car, tested the drugs, and determined that they were not of high quality. In addition, he argues that Valdes had the name of a drug supplier in her pocket when they were arrested, clearly indicating his minor role.

The district court did not clearly err in determining that Fernandez-Tellez failed to qualify for a minor-role reduction under § 3B1.2. Contrary to Fernandez-

4

Tellez's argument, the district court should not consider the "greater drug conspiracy," but rather only the conduct that determined Fernandez-Tellez's base offense level. De Varon, 175 F.3d at 942. The district court reduced Fernandez-Tellez's base offense level to ensure that he was only being held responsible for the 360 grams of methamphetamine involved in his transaction with the undercover police officers. Fernandez-Tellez admitted that he inspected the 360 grams of methamphetamine. Since Fernandez-Tellez's relevant conduct was limited to the amount of drugs involved in the undercover operation, the district court did not clearly err in concluding that his role was not minor in relation to his relevant conduct. De Varon, 175 F.3d at 942-43.

In addition, Fernandez-Tellez points to only one identifiable participant, Valdes, for purposes of comparison. But even if Fernandez-Tellez's role was less than that of Valdes, he is not automatically entitled to an adjustment, particularly where, as here, they performed essentially the same tasks and there were no minor or minimal participants. See De Varon, 175 F.3d at 944. Thus, the district court did not clearly err in denying Fernandez-Tellez a minor-role reduction.

Accordingly, we affirm Fernandez-Tellez's sentence.

**AFFIRMED.**

5